3402.10 TJY/adw

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| KRISHNA NARSIMHAN, | ) |
| | ) |
| Plaintiffs, | ) NO. 19-cv-1255 |
| v. | ) |
| | ) |
| LOWE'S HOME CENTERS, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## LOWE'S HOME CENTERS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES the Defendant, LOWE'S HOME CENTERS, LLC, by and through its counsel, Lewis, Brisbois, Bisgaard & Smith, LLP, and for its Answer and Affirmative Defenses to Plaintiff KRISHNA NARSIMHAN'S Complaint, states as follows:

1. On or about June 25, 2016, Plaintiff, Krishna Narsimhan ("Plaintiff") was lawfully on the premises of Lowe's Home Centers, LLC ("Defendant") located in Carol Stream, Illinois.

**ANSWER:** **Defendant has insufficient knowledge to either admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint at Law, and demands strict proof thereof.**

2. While at the check out register, an agent and/or employee of Defendant placed an item in Plaintiff's shopping car after scanning the price.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 2 of Plaintiff's Complaint at Law.**

3. The item slid through the cart, striking the Plaintiff.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 3 of Plaintiff's Complaint at Law.**

4852-5325-5049.1

4. At all times pertinent, Plaintiff was exercising reasonable care for his safety and was free from contributory negligence.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint at Law.**

5. At all times pertinent, it was the duty of the Defendant, through its agents and/or employees to exercise reasonable care for the safety of the Plaintiff and others lawfully on the premises.

**ANSWER:** **Defendant admits all duties imposed upon it by law but denies any breach thereof.**

6. Defendant, through its agents and/or employees, breached this duty and was negligent in one or more of the following ways:

   a. Carelessly placed an item in Plaintiff's shopping cart;

   b. Failed to warn Plaintiff of the danger of the item striking him while placing the item in Plaintiff's shopping cart;

   c. Failed to train its agents and/or employees on the proper handling of customer merchandise;

   d. Was otherwise careless and/or negligent.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint at Law and specifically denies subparagraphs (a)-(d).**

7. As a result of the negligence of Defendant, Plaintiff suffered injuries of a personal and pecuniary nature.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint at Law.**

WHEREFORE, Defendant LOWE'S HOME CENTERS, LLC denies that Plaintiff is entitled to any recovery whatsoever, and requests that this Honorable Court dismiss Plaintiff's claims, enter judgment in favor of this Defendant and against the Plaintiff, and order whatever additional relief it deems just, including costs.

## AFFIRMATIVE DEFENSES

NOW COMES the Defendant, LOWE'S HOME CENTERS, LLC, by and through its counsel, LEWIS BRISBOIS BISGAARD & SMITH and for its Affirmative Defenses to Plaintiffs' Complaint at Law, states as follows:

### FIRST AFFIRMATIVE DEFENSE
### COMPARATIVE NEGLIGENCE

1. At the time of the occurrence alleged in Plaintiff's Complaint at Law, the Doctrine of Comparative Negligence was in full force and effect.

2. At the time and place of the occurrence, the Plaintiff was then and there guilty of one or more of the following wrongful acts and/or omissions:

    (a) Carelessly and negligently failed to keep a proper lookout for his own safety;
    (b) Carelessly and negligently failed to avoid an open and obvious condition;
    (c) Was otherwise careless and negligent.

3. That in the event that Plaintiff was injured, said injuries were directly and proximately caused by one or more of the above mentioned careless and negligent acts and/or omissions on the part of the Plaintiff, therefore, this action is barred.

4. That any award granted to the Plaintiff should be reduced by Plaintiff's commensurate percentage of fault pursuant to Plaintiff's comparative negligence.

WHEREFORE, Defendant LOWE'S HOME CENTERS, LLC, denies that Plaintiff is entitled to any recovery whatsoever, and requests that this Honorable Court dismiss Plaintiff's claims, enter judgment in favor of this Defendant and against the Plaintiff, and order whatever additional relief it deems just, including costs.

## SECOND AFFIRMATIVE DEFENSE
## CONTRIBUTORY NEGLIGENCE

5. At the time and place of the occurrence alleged in the Plaintiff's Complaint at Law, 735 ILCS 5/2-1116 was in effect and bars any recovery when a plaintiff is more than 50% of the proximate cause of the injury or damage for which recovery is sought.

6. At the time of the occurrence the Plaintiff was then and there guilty of one or more of the following acts or omissions:

    (a) Carelessly and negligently failed to keep a proper lookout for his own safety;
    (b) Carelessly and negligently failed to avoid an open and obvious condition;
    (c) Was otherwise careless and negligent.

7. Any injury sustained by the plaintiff was over 50% proximately caused by one or more of the above captioned careless and negligent acts and/or omissions.

8. This action is therefore barred because of the Plaintiff's contributory negligence pursuant to 735 ILCS 5/2-1116.

WHEREFORE, Defendant LOWE'S HOME CENTERS, LLC, denies that Plaintiff is entitled to any recovery whatsoever, and requests that this Honorable Court dismiss Plaintiff's claims, enter judgment in favor of this Defendant and against the Plaintiff, and order whatever additional relief it deems just, including costs.

Respectfully submitted,

*/s/ Timothy J. Young*
Timothy J. Young  (ARDC No. 6192231)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
P: (312) 345-1718/F: (312) 345-1778
Tim.Young@lewisbrisbios.com
***Attorneys for Defendant, Lowe's Home Stores, LLC***