UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRISHNA NARSIMHAN, | ) |
| | ) No. 19 CV 1255 |
| Plaintiff, | ) |
| | ) |
| v. | ) Magistrate Judge Young B. Kim |
| | ) |
| LOWE'S HOME CENTERS, LLC, | ) |
| | ) September 2, 2021 |
| Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

Before the court is Plaintiff Krishna Narsimhan's Rule 37(c)(1) motion to exclude certain records as a basis for any opinion or testimony from Defendant Lowe's Home Centers, LLC's retained expert, Dr. Joshua Prager. For the following reasons, Plaintiff's motion is granted in part and denied in part:

**Background**

In this negligence action Plaintiff alleges that he sustained an injury, resulting in chronic regional pain syndrome, when a metal bar dropped through a shopping cart and struck him on his right ankle. (R. 3-1, Compl. ¶¶ 2-3.) On February 6, 2020, the court entered a HIPAA Qualified Protective Order, allowing the parties to obtain and use Plaintiff's personal health information in connection with this case. (R. 38.) Defendant then retained U.S. Legal Support to secure Plaintiff's records from his medical providers, including Wheaton Chiropractic Spine & Joint ("Wheaton Chiropractic"). (R. 100, Pl.'s Mot. at 3 & Ex. E.) Plaintiff received a notice on February 26, 2020, stating that Defendant had subpoenaed

Plaintiff's medical records from Wheaton Chiropractic and other medical providers. (R. 101, Def.'s Resp. at 5 & Ex. D.) A month later, on March 25, 2020, U.S. Legal Support sent Defendant a cancelation notice, indicating that Wheaton Chiropractic had sent Plaintiff's records directly to Defendant. (R. 100, Pl.'s Mot. Ex. E; R. 101, Def.'s Resp. Ex. E.) The cover page of the notice states that Plaintiff had not ordered copies of the records. (R. 101, Def.'s Resp. Ex. E.) Plaintiff asserts that it ordered the Wheaton Chiropractic records from U.S. Legal Support but never received them. (R. 100, Pl.'s Mot. at 3.)

On January 15, 2021, Dr. Prager performed an independent medical examination ("IME") on Plaintiff. (Id. at 1.) On May 20, 2021, Defendant sent Plaintiff's Wheaton Chiropractic records to Dr. Prager. (Id.) Four days later, on May 24, 2021, Defendant disclosed Dr. Prager as its expert witness pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). (R. 101, Def.'s Resp. Ex. A.) Neither Dr. Prager's IME nor the Rule 26(a)(2)(B) disclosure identified the Wheaton Chiropractic records as having been received, reviewed, or considered by Dr. Prager. (Id.; see also R. 100, Pl.'s Mot. at 1-2.)

On June 14, 2021, Plaintiff served a notice to depose Dr. Prager, attaching a rider requesting documents he reviewed in connection with this case. (R. 100, Pl.'s Mot. at 2.) Defendant did not produce the Wheaton Chiropractic records at that time. Thereafter, Plaintiff deposed Dr. Prager on June 21, 2021. (Id.) During the deposition, Plaintiff learned that Dr. Prager had reviewed and relied on the Wheaton Chiropractic records in forming his opinions. (Id.) Plaintiff informed

2

Defendant after the deposition that its Rule 26(a)(2)(B) disclosure did not list the Wheaton Chiropractic records. (R. 101, Def.'s Resp. at 2.) In response, Defendant produced the Wheaton Chiropractic records to Plaintiff on July 1, 2021. (R. 100, Pl.'s Mot. at 3.) On August 19, 2021, Defendant supplemented its Rule 26(a)(2)(B) disclosure for Dr. Prager, identifying the Wheaton Chiropractic records as having been received by him on May 20, 2021. (R. 101, Def.'s Resp. Ex. C at 3.)

## Analysis

Plaintiff argues that by failing to disclose in a timely manner the Wheaton Chiropractic records on which Dr. Prager relied, Defendant violated Rule 26(a)(2) and should be barred from offering any opinion or testimony based on those records. (R. 100, Pl.'s Mot.) As an initial matter, the court has discretion over discovery determinations, including whether to exclude improper expert opinions or testimony. *See Karum Holdings LLC v. Lowe's Cos., Inc.*, 895 F.3d 944, 950 (7th Cir. 2018); *Semien v. Life Ins. Co. of N. Am.*, 436 F.3d 805, 813 (7th Cir. 2006) ("It is well-settled that district courts enjoy broad discretion in controlling discovery.") (quotations and citation omitted)). Rule 26(a)(2)(B) requires a party to disclose a "complete statement" of an expert witness's opinions and "the facts or data considered" in forming those opinions. If a party does not comply with Rule 26(a), that party may be precluded from using that information. Fed. R. Civ. P. 37(c)(1). "[This] sanction of exclusion is automatic and mandatory unless the offending party can establish that its violation of Rule 26(a)(2) was either justified or harmless." *David v. Caterpillar, Inc.,* 324 F.3d 851, 857 (7th Cir. 2003) (citations omitted).

3

Plaintiff asserts that Defendant did not "disclose, produce, or even mention" the Wheaton Chiropractic records in its May 24, 2021 Rule 26(a)(2)(B) disclosure— or before Dr. Prager's June 21, 2021 deposition. (R. 100, Pl.'s Mot. at 1.) Plaintiff thus contends that Rule 37(c)(1)'s sanction of exclusion is "automatic and mandatory" because, according to him, Defendant's untimely disclosure was "neither harmless nor justified." (Id. at 4-5 (citing *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004).) Defendant responds that its omission was inadvertent and the result of "a copy and paste error." (R. 101, Def.'s Resp. at 1.) Once Plaintiff notified it of its failure to disclose the Wheaton Chiropractic records, Defendant says it produced the documents and supplemented its disclosures pursuant to Rule 26(e). (Id. at 3 & Ex. C); *see also* Fed. R. Civ. P. 26(e) (stating that a party must supplement disclosures "in a timely manner" when it "learns that in some material respect the disclosure or response is incomplete or incorrect").

The court agrees with Plaintiff that Rule 26(a)(2)(B) required Defendant to disclose the Wheaton Chiropractic records on May 24, 2021, when it disclosed Dr. Prager's expert opinions, qualifications, and listing of documents on which he relied in forming his opinions. Having failed to do so, Rule 37(c)(1)'s sanction of exclusion is warranted, unless the noncompliance was substantially justified or harmless. Because Defendant has not shown that its omission was substantially justified, the court focuses on whether it was harmless. In determining whether Defendant has satisfied this standard, the court considers: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the

4

party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David,* 324 F.3d at 857.

Starting with the likelihood of disruption to the trial in this case, no trial date has been set. As such, the trial will not be affected by Defendant's error. As to bad faith or willfulness involved in not disclosing the evidence sooner, Defendant represents that its "copy and paste error" was unintentional. (R. 101, Def.'s Resp. at 1.) Plaintiff counters that Defendant "blindsided" him by failing to disclose the Wheaton Chiropractic records before Dr. Prager's deposition. (R. 102, Pl.'s Reply at 1.) Plaintiff suggests that Defendant's omission was no "mere 'copy and paste error,'" but rather an excuse for a disregard of discovery rules. (Id. at 2-3.) Noticeably absent from Plaintiff's motion, however, is evidence showing that Defendant acted in bad faith or with willfulness by failing to disclose the Wheaton Chiropractic records at an earlier date. Without such evidence, the court finds no bad faith or willfulness.

Turning next to surprise or prejudice, Plaintiff contends that he was "greatly prejudiced" by having to depose Dr. Prager without knowing that his opinions were based in part on the Wheaton Chiropractic records. (R. 100, Pl.'s Mot. at 5.) Plaintiff's attorney says that he was not even aware of the existence of such documents until Dr. Prager's deposition. (Id.) Defendant responds that it "full[y] compli[ed]" with Rule 26(a)(2)(B) by providing a complete statement of Dr. Prager's opinions and a list of documents reviewed in forming his opinions. (R. 101, Def.'s

5

Resp. at 4.) Defendant further argues that merely omitting one set of records from the list, as a result of inadvertence, does not justify the exclusion of Dr. Prager's opinions and testimony based on such records. (Id.) In any event, Defendant contends that because Plaintiff had prior notice of the Wheaton Chiropractic records, and questioned Dr. Prager during his deposition about these records, Plaintiff was not surprised or prejudiced. (Id. at 4 & Ex. B at 30-33, 52-53, 151-52.)

Based on the circumstances presented, the court finds the element of surprise lacking. There is no dispute that the Wheaton Chiropractic records are Plaintiff's own medical records, and as such he either already possessed them or could have requested them at any time. On February 26, 2020, Plaintiff also received notice that Defendant had subpoenaed his records from Wheaton Chiropractic. (Id. Ex. D.) Plaintiff represents that he ordered the Wheaton Chiropractic records from U.S. Legal Support but never received them. (R. 100, Pl.'s Mot. at 3.) Regardless, he could have followed up with the provider, U.S. Legal Support, or Defendant to obtain these records. Had he done so, he would not have been "complete[ly] surprised" when Dr. Prager referred to the records at his deposition. (Id. at 5.)

Defendant also points out that both Plaintiff and his retained expert, Dr. Jay Joshi, referred to Plaintiff's chiropractic treatment in Wheaton. (R. 101, Def.'s Resp. at 5-6.) To be sure, during his May 14, 2020 deposition, Plaintiff testified that he sought chiropractic care in Wheaton. (R. 101, Def.'s Resp. Ex. F at 60-61 (noting Defendant had "received records from a chiropractor that [Plaintiff] went to for a period of time").) Dr. Joshi also stated in his IME that Plaintiff sought chiropractic

6

treatment in 2016. (Id. Ex. G at 39 (reporting Plaintiff went to "Chiropractor for Carpal tunnel and with his therapy his . . . hand numbness is much better and he has cancelled the plan of surgery"); see also Ex. H at 12-13 (testifying as Plaintiff's internal medicine provider that Plaintiff sought chiropractic treatment and experienced improvement).) Given this evidence, neither Plaintiff nor his counsel can claim surprise as to the Wheaton Chiropractic records.

As to prejudice, because Defendant did not disclose Dr. Prager's reliance on the Wheaton Chiropractic records before his deposition, Plaintiff had no knowledge that Dr. Prager would base his testimony on that information. (See R. 102, Pl.'s Reply at 7-8.) As a result, Plaintiff no doubt was hindered in his preparation for Dr. Prager's deposition. Having said that, the records Defendant failed to disclose are Plaintiff's own medical records. As such, Plaintiff had notice of his chiropractic treatment in Wheaton. (R. 101, Def.'s Resp. Ex. F at 60-61, Ex. G at 3, Ex. H at 12-13.) He also received notice that Defendant had ordered the Wheaton Chiropractic records. (Id. Exs. D, E.) Plaintiff therefore had reason to know his Wheaton Chiropractic records could be in play in this litigation. As such, any prejudice suffered by Plaintiff was minimal.

In any event, Defendant may cure the prejudice by continuing the deposition of Dr. Prager for a limited period, thereby allowing Plaintiff's attorney to review Dr. Prager's expert opinions in light of the Wheaton Chiropractic records and adequately prepare for questioning. Plaintiff argues that "[t]he time to cure the deficient disclosure" was before Dr. Prager's deposition. (R. 100, Pl.'s Mot. at 6.)

7

For support Plaintiff cites *Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 642 (7th Cir. 2008), for the rule that "Rule 26(a)(2) does not allow parties to cure deficient expert reports by supplementing them with later deposition testimony." But that case involved an "undeveloped" and "woefully deficient" expert report, submitted after the deadline, which set forth "eight terse statements" regarding liability. *Id.* at 638, 641. Unlike in *Ciomber*, here Dr. Prager disclosed developed opinions, (R. 100, Pl.'s Resp. Ex. A at 27-28), giving Plaintiff notice as to the substance of his testimony on direct examination, *see Ciomber*, 527 F.3d at 641-42. Defendant simply omitted one set of records from that disclosure.[1] Weighing the applicable factors as a whole, the court finds they do not support a finding of harm.

To ensure Plaintiff has an adequate opportunity to examine Dr. Prager on his reliance on the Wheaton Chiropractic records, the court orders Defendant to make Dr. Prager available for a continued deposition for one hour. Plaintiff's questioning will be limited to matters relating to the Wheaton Chiropractic records.[2] Defendant must pay for the cost of the court reporter's appearance fee and Dr. Prager's fees for

---

[1] Plaintiff asserts that the omitted records supplied a "new basis" to support Dr. Prager's opinions. (R. 102, Pl.'s Reply at 7 (emphasis omitted).) But where, as here, Dr. Prager disclosed his opinions in a timely manner, and those opinions were sufficiently developed, *Ciomber* does not require exclusion of Dr. Prager's opinions.

[2] In his reply Plaintiff raises additional "deficien[cies]" in Defendant's Rule 26(a)(2)(B) disclosure. (R. 102, Pl.'s Reply at 3, 7-8.) Plaintiff acknowledges, however, that some of the newly identified "errors are relatively insignificant." (Id. at 3.) Because Plaintiff did not raise such alleged defects in his motion, he has forfeited his ability to advance these arguments now. *See United States v. Hunt*, 930 F.3d 921, 924 (7th Cir. 2019).

the one-hour deposition. The court grants such relief based on its discretionary powers. The court denies all other relief requested.

## Conclusion

For the foregoing reasons, the motion is granted in part and denied in part.

                      **ENTER:**

                      _____
                      **Young B. Kim**
                      **United States Magistrate Judge**

9