16651/SAB/PJB                                                                Attorney ID# 6224469

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS -
# EASTERN DIVISION

KRISHNA NARSIMHAN            )
                             )
        Plaintiff,           )   Case No.: 1:19-cv-01255
    vs.                      )
                             )
LOWE'S HOME CENTERS, LLC,    )
                             )
        Defendant.

## AGREED MOTIONS IN LIMINE

NOW COME Plaintiff, KRISHNA NARSIMHAN, by and through his attorneys, ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD., and the Defendant, LOWE'S HOME CENTERS, LLC, by and through its attorneys, HEPLERBROOM, LLC, prior to the selection of the jury in this cause, move this Honorable Court to enter an Order *in Limine* barring and prohibiting Plaintiff, KRISHNA NARSIMHAN, and Defendant, LOWE'S HOME CENTERS, LLC, or their counsel, agents, employees and/or any witness called by the parties, or questions by counsel from making statements, offering evidence, testimony, remarks, arguments or from conveying directly or indirectly to the panel by any means that the arguments and/or issue addressed by and within the Agreed Motions In Limine, including the fact that the motions have been presented and ruled upon.

Accordingly, Plaintiff and Defendant request this Honorable Court enter the following Orders, in limine:

1

**AGREED MOTION IN LIMINE #1**
**BAR REFERENCE OF COLLATERAL SOURCE PAYMENTS**

Plaintiff moves this Court for an order excluding any comment, question, argument, testimony or evidence that Plaintiff received, has been entitled to receive, will receive, or will become entitled to receive, benefits of any kind or character from a collateral source. It is a well-established rule of damages that benefits received by a plaintiff from sources wholly independent of and collateral to the tortfeasor will not serve to diminish any damages otherwise recoverable. Bireline v. Espenscheild, 15 Ill. App. 3d 368 (3rd Dist. 1973); *Wills v. Foster*, 229 Ill. 2d 393 (2008). Accordingly, no evidence or testimony should be allowed pertaining to collateral source payment of the medical bills, lost wages, unemployment benefits, disability or other bills of Plaintiff such as Medicaid, or any other source. *Brumley v. Fed. Barge Lines, Inc.,* 78 Ill.App.3d 799 (1979); Boden v. Crawford, 196 Ill. App. 3d 71 (4th Dist. 1990).

**AGREED MOTION IN LIMINE #2**
**BAR REFERENCE TO THE FINANCIAL CONDITION OF PARTIES**

Plaintiff moves this Court for an order excluding any comment, question, argument, testimony and/or evidence attempting to convey the financial condition of a party or any comment regarding the inability to pay a judgment, economic hardship, wealth or poverty. The financial or pecuniary status of any party to a lawsuit is irrelevant and appeals to the prejudice of the jury. It is foreseeable the jury will favor those least able to bear the loss.. *Panelle v. Chi. Transit Auth.,* 31 Ill.2d 560, 561 (1964); *Hedge v. Midwest Contractors Equip.*, 53 Ill. App. 2d 365 (1964); see also *Hickey v. Chi. Transit Auth.*, 52 Ill. App. 2d 132 (1964); *Pagel v. Yates*, 128 Ill. App. 3d 897 (4th Dist. 1984); *Lorenz v. Siano,* 248 Ill.App.3d 946, 953 (1st Dist. 1993).

**Granted: \_ Granted Over Objection: \_\_ Denied: \_\_ Reserved: \_\_ Withdrawn: \_\_**


**AGREED MOTION IN LIMINE #3**
**BAR REFERENCE TO DEFENDANT'S ABILITY TO PAY JUDGMENT**

Plaintiff moves this Court for an order excluding any comment, question, argument, testimony and/or evidence attempting to convey the Defendant's ability to pay the judgment. *Schultz v. Siddens*, 191 Ill. App. 3d 622 (5th Dist. 1989)

**Granted: \_ Granted Over Objection: \_\_ Denied: \_\_ Reserved: \_\_ Withdrawn: \_\_**

**AGREED MOTION IN LIMINE #4**
**BAR REFERENCE THAT TAXPAYERS WILL BE ULTIMATELY RESPONSIBILITY FOR PAYMENT OF ANY VERDICT**

Plaintiff moves this Court for an order excluding any comment, question, argument, testimony and/or evidence attempting to convey that it is or will be the "taxpayers' ultimate

responsibility" to pay for any verdict in this case or in personal injury cases in general. It is improper to argue that taxpayers will have the ultimate responsibility to pay for damages. *Dep't of Pub. Works and Bldg. v. Sun Oil Co.*, 66 Ill. App. 3d 64 (5th Dist. 1978) (finding that it is improper to appeal to self-interest of jurors as taxpayers regarding ultimate responsibility to pay for damages in condemnation suit.).

**Granted: __ Granted Over Objection: __ Denied: __ Reserved: __ Withdrawn: __**

## AGREED MOTION IN LIMINE #5
## BAR REFERENCE THAT A VERDICT IS NOT SUBJECT TO TAXES

Plaintiff moves this Court for an order excluding any comment, question, argument, testimony and/or evidence attempting to convey that the potential verdict by Plaintiff would or would not be subject to federal or state income taxes. Hall v. Chicago and *Northwestern Railway Company*, 5 Ill. 2d 135 (1955); *Klawonn v. Mitchell*, 105 Ill. 2d 450 (1985*); In re Air Crash Disaster Near Chicago Ill. on May 25, 1979*, 701 F. 2d 1189 (7th Cir. 1983).

**Granted: __ Granted Over Objection: __ Denied: __ Reserved: __ Withdrawn: __**

## AGREED MOTION IN LIMINE #6
## BAR REFERENCE TO JURORS PUTTING THEMSELVES IN PARTIES' POSITIONS

Plaintiff moves this Court for an order excluding any comment, question, argument, testimony and/or evidence attempting to convey the member of the jury to place themselves in the position of a party litigant. Such a request is calculated to arouse the jurors' passions and prejudices and is irrelevant. *Brant v. Wabash R. Co.*, 31 Ill. App. 2d 337, 339-340 (4th Dist. 1961); *Copeland v. Johnson,* 63 Ill. App. 2d 361 (2d Dist. 1965); *Offutt v. Pennoyer Merchants Transfer Col*, 36 Ill. App. 3d 194, 204 (1st Dist. 1976).

**Granted: __ Granted Over Objection: __ Denied: __ Reserved: __ Withdrawn: __**

## AGREED MOTION IN LIMINE #7
## BAR REFERENCE TO REFERENCE TO COMPARISONS WITH OTHER OR SIMILAR CASES

Plaintiff moves this Court for an order excluding any comment, question, argument, testimony and/or evidence attempting to convey that the amount of previous awards or settlements in similar cases or claims arising out of the same or similar circumstances or involving similar injuries or reference to verdicts or settlements in other cases, including any infamous cases, (i.e. the McDonald's spilled coffee case), or that Plaintiff's damages request should be tested for excessiveness against such other cases. It is improper to

compare a request for damage to the verdicts in other cases. *See Simmons v. Univ. of Chi. Hosp.*, 247 Ill. App. 3d 177 (1st Dist. 1993); *see also N. Trust Co. v. Cty. of Cook*, 135 Ill. App. 3d 329 (1st Dist. 1985).

**Granted: __ Granted Over Objection: __ Denied: __ Reserved: __ Withdrawn: __**

## AGREED MOTION IN LIMINE #8
## BAR REFERENCE TO ANY SUPERSEDED PLEADINGS

Any argument based on or reference to the contents of any pleadings which have been superseded by the current pleadings on file in this case.

**Granted: __ Granted Over Objection: __ Denied: __ Reserved: __ Withdrawn: __**

## AGREED MOTION IN LIMINE #9
## BAR REFERENCE OF A JUDGEMENT AS "STREAM OF INCOME" TO PLAINTIFF

Plaintiff moves this Court for an order excluding any comment, question, argument, testimony and/or evidence attempting to convey that a potential verdict in this matter would provide a "stream of income" to Plaintiff or his family that could be obtained by investment of the sums of future damages. Such arguments have the effect of inviting the jury to make reductions in sums already reduced to resent cash value or improperly reducing sums that should not be reduced to present cash value. *Schaffner v. Chi. & Nw. Transp. Co.*, 129 Ill. 2d 1, 24 (1989).

**Granted: __ Granted Over Objection: __ Denied: __ Reserved: __ Withdrawn: __**

## AGREED MOTION IN LIMINE #10
## EXCLUSION OF NON-PARTY WITNESSES FROM COURTROOM

Plaintiff moves this Court for an order excluding all non-party witnesses from the Courtroom during trial prior to the time they are called upon to testify. It has long been recognized that trial judges have the discretion to exclude witnesses in a civil trial. *See generally Errissman v. Errissman*, 25 Ill. 136, 137 (1860). The court's power to enter such an order is derived from its inherent power to afford a fair trial to all parties. The purpose of an order excluding non-party witnesses from the courtroom "is to prevent the shaping of testimony by one witness to match that of another and discourage fabrication." *Friedman v. Park District of Highland Park*, 151 Ill. App. 3d 374, 390 (2d Dist. 1986). This rule has been extended to exclude expert witnesses as well. *Id.*

**Granted: __ Granted Over Objection: __ Denied: __ Reserved: __ Withdrawn: __**

**AGREED MOTION IN LIMINE #11**
**BAR REFERENCE TO ANY SETTLEMENT NEGOTIATIONS**

Plaintiff moves this Court for an order excluding any comment, question, argument, testimony and/or evidence attempting to convey reference to any mattes concerning compromise and settlement. Negotiations and compromise do not constitute admissions of liability and are thus irrelevant to the jury. Further admission of evidence of settlements or attempts to settle discourage their use and violate public policy which favors pre-trial resolution. *Barkei v. Delnor Hospital*, 176 Ill. App. 3d 681 (2nd Dist. 1988)

**Granted: \_ Granted Over Objection: \_\_ Denied: \_\_ Reserved: \_\_ Withdrawn: \_\_**

**AGREED MOTION IN LIMINE #12**
**BAR REFERENCE TO RACE, COLOR, NATIONALITY OF PARTY OR WITNESSES**

Plaintiff moves this Court for an order excluding any comment, question, argument, testimony and/or evidence attempting to convey any veracity of a witness' testimony should be based on their race, color or nationality. Particular traits of character aside from lack of truth and veracity cannot be made the subject of inquiry for the purpose of impeaching a witness, when evidence of such traits is not material to the issue. *Starks v. Schlensky*, 128 Ill. App. 1 (2nd Dist. 1906)

**Granted: \_ Granted Over Objection: \_\_ Denied: \_\_ Reserved: \_\_ Withdrawn: \_\_**

**AGREED MOTION IN LIMINE #13**
**BAR REFERENCE TO A WITNESS' RELIGIOUS BELIEFS**

Plaintiff moves this Court for an order excluding any comment, question, argument, testimony and/or evidence attempting to convey any veracity of a witness' testimony should be based on the religious or charitable affiliations of any witness. Evidence of the beliefs or opinions of a witness on maters of religion is not admissible for the purpose of showing that by reason of their nature the witness' credibility is impairs or enhanced. *People v. Ballinger*, 36 Ill. 2d 620, 622 (1967).

**Granted: \_ Granted Over Objection: \_\_ Denied: \_\_ Reserved: \_\_ Withdrawn: \_\_**

**AGREED MOTION IN LIMINE #14**
**BAR REFERENCE TO A WITNESS' SEXUAL ORIENTATION**

Plaintiff moves this Court for an order excluding any comment, question, argument, testimony and/or evidence attempting to convey any veracity of a witness' testimony should be based on the sexual preference or behavior of any witness. Sexual orientation or identity is irrelevant, prejudicial and not a character train for which on can have a good of bad reputation. *US v. Scroggins*, 939 F. 2d 416, (7th Cir.1991); *People v. Partee*, 17 Ill. App. 3d 166, 177-179 (1st Dist. 1974).

**Granted: \_\_  Granted Over Objection: \_\_  Denied: \_\_  Reserved: \_\_  Withdrawn: \_\_**

## AGREED MOTION IN LIMINE #15
## GENERAL ISSUES

Defendant moves this Court for an order instructing (a) Plaintiff and Plaintiff's counsel; and (b) through them and each of their witnesses, not to mention, interrogate upon, nor in any matter, convey to the jury anything concerning any and all of the following facts and circumstances:

A. Non-party witnesses be excluded from the courtroom during any proceedings at the trial of this matter and also barring witnesses from reviewing any transcript of the proceedings prior to testifying at the trial of this matter;

B. Any reference, whether direct or indirect, regarding the matter of liability insurance, the availability of liability insurance coverage, the fact that a defendant is insured and/or that such insurance may be called upon to pay any judgments and/or settlements or mention of a defendant's insurer;

C. Any reference to the respective wealth of the parties or the lack thereof, or any comparison between the wealth of the plaintiff and the wealth of the defendant. Evidence which relates to the wealth or poverty of a party is inadmissible. *Taylor v. Manhattan Twp. Park Dist.*, 138 Ill. App. 3d 23, 25 (3d Dist. 1985). Such evidence appeals to the prejudice and emotions of the jury, for presumably the jury will favor those least able to bear the loss;

D. Any reference to the filing of any motions in limine by the defendants or any ruling by the Court in response to defendants' motions, or any suggestion that the defendants have moved to prohibit the introduction of certain evidence in any manner;

E. Any reference to a request of plaintiff's counsel to produce any information or documents contained in defense counsel's file in the presence and within hearing of the jury;

F. Any reference, whether direct or indirect, to the number of attorneys representing the defendants and the resources or size of staff of the defense counsel, particularly as it pertains to the exhibits or equipment used by the parties during the trial. *Brown v, Arco Petroleum Products Co.*, 195 Ill. App. 3d 563, 565-6 (1st Dist. 1989).

G. Any mention of the fact that the parties have or have not entered into settlement negotiations. Such evidence is irrelevant and highly prejudicial. *Smiley v. Manchester Ins. & Indem. Co.*, 49 Ill. App. 3d 675, 681 (2d Dist. 1977); *Hill v. Hiles*, 309 Ill. App. 321, 331 (4th Dist. 1941).

**Granted: \_\_  Granted Over Objection: \_\_  Denied: \_\_  Reserved: \_\_  Withdrawn: \_\_**

WHEREFORE, the Plaintiff, Krishna Narsimhan, and the Defendant, Lowe's Home Centers, LLC, respectfully requests that this Court grant their Agreed Motions in Limine and enter an order barring all counsel, parties, and witnesses from commenting, giving testimony, using any documents or interfering, directly or indirectly, about the foregoing matters detailed herein and further requests this Court to instruct counsel accordingly.

                                               Respectfully submitted:

                                               */s/ Steven A. Berman*
                                               Attorneys for Plaintiff

Steven A. Berman sberman@anesilaw.com
Patrick J. Blum pblum@anesilaw.com
**ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD.**
161 N. Clark St. / 21st Floor
Chicago, IL   60601
Telephone:  312/372-3822
Fax: 312/372-3833

                                             */s/ Linda J. Hay*
                                             Attorneys for Defendant

Meg L. Fowler, #6281407
mlf@heplerbroom.com
Linda J. Hay, #6193215
Linda.hay@heplerbroom.com
HeplerBroom, LLC
130 N. Main St.
P.O. Box 510
Edwardsville, IL 62025
Ph: (618) 656-0184
Fx: (618) 656-1364

## **CERTIFICATE OF SERVICE**

I certify that on December 23, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF.

*/s/ Angela M. Cole*