### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | | |
|---|---|---|
| KRISHNA NARSIMHAN | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No.: 1:19-cv-01255 |
| | ) | |
| LOWE'S HOME CENTERS, LLC, | ) | |
| Defendant. | ) | |
| | ) | |

### MOTION IN LIMINE NO. 9
### (Physical Therapists)

COMES NOW Defendant, Lowe's Home Centers, Inc., by and through its undersigned counsel, HeplerBroom, LLC, and moves this Honorable Court to enter an Order *in limine*, before the jury selection or the trial's commencement instructing (a) Plaintiff and Plaintiff's counsel; and (b) through them and each of their witnesses, not to mention, interrogate upon, nor in any matter, convey to the jury anything concerning any and all of the following facts and circumstances:

**I.     Lisa Schwarz**

Lisa Schwarz is a physical therapist who treated Plaintiff from January 13 through February 27, 2020. Parts of her testimony must be barred. Defendant seeks to Bar any testimony of Lisa Schwarz, the physical therapist at MarionJoy, as to any opinions concerning the medical diagnosis of CRPS, without any foundation for experience, education or training to support such an opinion in her role as a physical therapist, to a reasonable degree of medical certainty, more probably true than not. *See Johnson v. Johnson*, 386 Ill.App.3dd 522, 545 (1st Dist. 2008) (expert testimony that is based on guess, speculation or conjecture is inadmissible); *see also Higgins v. Koch Development, Corp.,* 794 F.3d 697, 704 (7th Cir. 2015) (testimony of doctor was barred as expert because her methodology was found to be too questionable).

Ms. Schwarz' records of her care of Plaintiff as a physical therapist were the subject of her deposition testimony. In her deposition, she opined, on pages 44 (lines 13 to end, p. 45 lines 1-45, and p. 46 lines 1-3), on the condition of CRPS. (See Exhibit G of Defendant's Exhibits to Motions in Limine, Deposition of Lisa Schwartz at p. 44-46.) She stated that there is a "mixed message" they get from patients with CRPS, even if there is "no pain or damage". Moreover, Plaintiff "had an injury before" and there was "pain from the injury". Further she states that "with CRPS the nervous system kind of goes haywire but there's no new damage". There was and cannot be a proper foundation laid for a physical therapist to provide these types of broad-brush medical opinions on the medical diagnosis of CRPS. As such this testimony must be stricken.

Further, Lisa Schwartz should be barred from rendering any testimony on any care provided after the last treatment noted in her deposition, or after February 27, 2020 (deposition taken February 3, 2021.) *See Dunkin' Donuts Inc. v. N.A.S.T.*, 428 F. Supp. 2d 761 (N.D. Ill. 2005) (plaintiff's failure to disclose information in discovery relating to damages precluded it from using same at trial).

**II.     Brian Fischer**

Physical Therapist Brian Fischer cared for the Plaintiff for one month in December 2019 through January 2020. Certain of his testimony must be barred. The testimony of Brian Fischer that concerns any opinions on a diagnosis of CRPS, a consistency of Plaintiff's condition with CRPS, and whether a diagnosis of Plaintiff's CRPS is either correct or incorrect, must be barred as there is no proper foundation or basis for this testimony from this witness.

In Mr. Fischer's deposition, at pp. 12-14, he testified that during his care of Plaintiff, he noted that Plaintiff's condition was "consistent with CRPS". (See Exhibit H of Defendant's Exhibits to Motions in Limine, Deposition of Brian Fischer at p. 12-14.)

```
                                                    Page 14
 1    A.  So again, we can't provide any medical
 2  diagnosis.  But based on the referral saying the CRPS and
 3  the way he presented, there was nothing for me to
 4  indicate that diagnosis was incorrect with how he
 5  presented.
 6    Q.  It's fair to say you're not in the practice of
 7  second guessing doctors, medical doctors that are sending
 8  the patient to you, are you?
 9    A.  To say we second guess them isn't the case.
10  But it's common practice to get referrals that will
11  simply highlight body parts as kind of an unofficial
12  nudge to say look at this region.  In which case I may
13  very well see that your shoulder patient instead has
14  symptoms consistent with a rotator cuff or some other
15  various diagnosis, perhaps yielding more testing by the
16  doctor.
```

At pp 12-14 he explained specifically that he is a physical therapist, and he does not make the medical diagnosis of CRPS. He also provided certain testimony that CRPS was not an incorrect diagnosis.

```
                                                    Page 13
13    A.  In the initial eval it's to say what their
14  signs and symptoms are consistent with in terms of a
15  diagnosis.  We use that phrase because in our scope of
16  practice, we do not provide a medical diagnosis.
17         The physical impairments are identifying
18  things that are not right.  For example it could be a
19  weakness, it could be a muscle tightness, it could simply
20  be pain.  The functional limitations extrapolate those
21  findings into tests that they are unable to perform due
22  to their impairments.
23    Q.  What was your assessment of Mr. Narsimhan
24  during your first visit with him?
```

On questioning by plaintiff counsel to try to bolster this testimony, Mr. Fischer reiterates again at p. 36 and 37, where plaintiff counsel tries to lay some foundation, that he does not diagnose CRPS and only has a general sense of consistency with a diagnosis.

Medical opinions must be supported by proper foundational testimony of the witness showing education, training, experience and expertise in the particular area of medicine. No foundational basis was laid her to establish how a physical therapist has the education, training, experience and licensure to render any such opinion as to a medical diagnosis. As such these opinions related to a diagnosis of CRPS, any consistency of Plaintiff's condition to a medical diagnosis of CRPS (in one months' time), and the "correct or incorrect" nature of such a diagnosis must be barred. Further the prejudicial effect of such testimony far outweighs any probative value. *See Jacobs v. Yellow Cab Affiliation, Inc.*, 2017 IL App (1st), 151107 (evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice).

Mr. Fischer gave certain testimony about the percentage disability Plaintiff had or has. This line of questioning began when Plaintiff counsel attempted to elicit opinions from Mr. Fischer.

This line of questioning was based on a tortured attempt to extrapolate information from a questionnaire in his care records into an opinion by a physical therapist on overall "percentage" of disability. The response was beyond Mr. Fischer's education, training, experience or licensure. No foundation was laid. *Johnson v. Johnson*, 386 Ill.App.3dd 522, 545 (1st Dist. 2008) (expert testimony that is based on guess, speculation or conjecture is inadmissible).

Indeed, even Mr. Fischer struggled with this line of questioning so much so that he qualified any such statement with being an extrapolation, an attempt to do a mathematic calculation suggested by plaintiff as applied to the results, and only would say it was typical or general based solely on numbers that Plaintiff was more than 50 percent disabled. (See Exhibit H of Defendant's Exhibits to Motions in Limine, Deposition of Brian Fischer at p. 42-43.) Specific testimony on p. 43, lines 14-17 should be barred based on the fact that Mr. Fischer himself qualified this as a

general statement, and it was not to any degree of medical certainty, nor more probably true than not.

Any and all similar opinions or an attempt to elicit them, should be barred for lack of foundation. This form questionnaire was asked on one visit, years ago, using a single page form based on a questionnaire; Mr. Fischer is not a physician, he is a physical therapist. These kind of opinions are wholly speculative. Finally, the prejudicial effect far outweighs the probative value. *See Jacobs v. Yellow Cab Affiliation, Inc.*, 2017 IL App (1st), 151107 (evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice).

WHEREFORE, Defendant, Lowe's Home Centers, Inc., respectfully requests that this Court grant its Motion in Limine and enter an order barring all counsel, parties, and witnesses from commenting, giving testimony, using any documents or interfering, directly or indirectly, about the foregoing matters detailed herein and further requests this Court to instruct counsel accordingly.

**HEPLERBROOM LLC**

By: */s/ Linda J. Hay*
Benjamin W. Powell, #6280891
bwp@heplerbroom.com
Meg L. Fowler, #6281407
mlf@heplerbroom.com
Linda Hay, 6193215
Linda.hay@heplerbroom.com
130 N. Main St.
P.O. Box 510
Edwardsville, IL 62025
Ph: (618) 656-0184/Fx: (618) 656-1364
***Attorneys for Defendant***

## **CERTIFICATE OF SERVICE**

      I certify that on December 23, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF.

                                                                     */s/ Angela M. Cole*