16651/SAB/PJB                                                                                   Attorney ID# 6224469

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS -
# EASTERN DIVISION

| | |
|---|---|
| KRISHNA NARSIMHAN ) | |
|         Plaintiff, ) | Case No.: 1:19-cv-01255 |
| vs.                        ) | |
|                               ) | |
| LOWE'S HOME CENTERS, LLC, ) | |
|         Defendant. ) | |
|                               ) | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF A JURY INSTRUCTION FOR EMOTIONAL DISTRESS DAMAGES

Based on evidence and testimony in the record, the jury could reasonably find that the circumstances of this case have caused Plaintiff to suffer emotional distress. Thus, the Plaintiff is entitled to a jury instruction regarding damages for emotional distress experienced and reasonably certain to be experienced in the future. *Babikaian v. Mruz*, 2011 IL App (1st) 102579.

The Seventh Circuit has recognized that Illinois does not require expert testimony to establish damages for emotional distress. *Rainey v. Taylor*, 941 F.3d 243, 253 (7th. Cir. 2019); citing *Thornton v. Garcini*, 237 Ill.2d 100, 108 ("The absence of medical testimony does not preclude recovery for emotional distress"). In *Thornton v. Garcini,* the plaintiff sought damages for medical negligence causing the death of her infant son and compensation for negligent infliction of emotional distress. 237 Ill.2d 100, 103. The Illinois Supreme Court held that expert testimony is not required to support a claim for negligent infliction of emotional distress. *Id.* at 109; overruling *Hiscott v. Peters,* 324 Ill.App.3d 114 (holding that that expert testimony was required to recover damages for emotional distress). The court explained that the absence of medical testimony does not preclude recovery for emotional distress. Rather, "[t]he existence or

1

nonexistence of medical testimony goes to the weight of the evidence but does not prevent this issue from being submitted to the jury." *Id*. at 108.

In *Thornton v. Garcini*, while no expert witness testimony was presented on plaintiff's claim for emotional distress, the plaintiff testified about her emotional state and the infant's father and plaintiff's mother testified to the plaintiff's behavior and emotional state following the event. *Id*. at 109-10. Similarly, here, the evidence establishes that Plaintiff suffers chronic pain, causing him to be angry, short tempered, and emotional.

During the testimony of Plaintiff's wife, Kerri Narsimhan, she testified that during periods of greater than usual pain, Plaintiff's family will avoid him because of his emotions. Plaintiff's wife also testified that Plaintiff's pain causes him to cry and feel sad and guilty because he cannot help raising his son or help his wife around the house. Plaintiff feels "heartbroken" that he cannot do all the things he would like to with his son. The evidence shows that this chronic pain is permanent and will require Plaintiff to continue seeing a psychologist into the future for coping methods for dealing with his pain.

The Plaintiff testified that the injury and the resulting chronic pain causes him to feel anger and sadness. Plaintiff was clearly overcome by emotion when testifying about how he feels that he cannot help his wife complete tasks around the home that he was able to perform before the incident. Further, he testified that he experiences a mix of emotions over feelings related to the realization that his pain is not resolving.

From the evidence and testimony, a jury could reasonably find, based on personal experience alone, that the circumstances of this case caused Plaintiff emotional distress.

Despite having presented no expert testimony, Plaintiff is entitled to a jury instruction on damages for the emotional distress he has and will continue to suffer.

By: /s/*Steven A. Berman*
Attorneys for Plaintiff(s)

Steven A. Berman (ARDC No. 6224469)
Patrick J Blum (ARDC No. 6298244)
**ANESI, OZMON, RODIN, NOVAK & KOHEN, LTD.**
161 North Clark Street - 21st Floor
Chicago, IL 60601
312/372-3822
Sberman@anesilaw.com pblum@anesilaw.com