**FILED**

V-042822-R

**APR 28 2022**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**MAGISTRATE JUDGE
YOUNG B. KIM**

| | | |
|---|---|---|
| KRISHNA NARSIMHAN, | ) | |
| | ) | No. 19 CV 1255 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| LOWE'S HOME CENTERS, LLC, | ) | |
| | ) | April 28, 2022 |
| Defendant. | ) | |

JURY INSTRUCTIONS

**General Instructions**

1.    Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law. You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone. Your second duty is to apply the law that I give you to the facts you find. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them. Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

2.    In this case the defendant is a corporation. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

3.    And because the defendant is a corporation, it can act only through its employees. Any act or omission of an employee within the scope of his or her employment is the action or omission of the corporation.

4.    The evidence consists of the testimony of the witnesses and the exhibits admitted in evidence.

5.    During the trial, certain testimony was presented to you by either playing a video or by reading a deposition transcript. You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

6.    Certain things are not to be considered as evidence. I will list them for you. First, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. Second, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case. Third, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the

2

evidence as you remember it differs from what the lawyers said, your memory is what counts.

7.      Any notes you have taken during this trial are only aids to your memory.  The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

8.      In determining whether any fact has been proved, you should consider all the evidence bearing on the question regardless of which side introduced it.

9.      You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.  You also must decide what weight, if any, you give to the testimony of each witness.   In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony considering all the evidence in the case.

10.     You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.  In our lives, we often look at one fact and conclude from it that another fact exists.  In law we call this "inference."  A jury is allowed to make reasonable inferences.  Any inference you make must be reasonable and must be based on the evidence in the case.

11.     You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a greater number.  You need not accept the testimony of the greater number of witnesses.

12.     The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

13.     You have heard witnesses give opinions about matters requiring special knowledge or skill.  You should judge this testimony in the same way that you judge the testimony of any other witness.  The fact that such person has given an opinion does not mean that you are required to accept it.  Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witnesses' qualifications, and all of the other evidence in the case.

14.     Certain demonstrative exhibits have been shown to you.  Those demonstrative exhibits are used for convenience and to help explain the facts of the case.  They are not themselves evidence or proof of any facts.

15.     It is proper for a lawyer to meet with any witness in preparation for trial.

**Relevant Laws**

16.     When I say that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition on which he has the burden of proof is more probably true than not true.

17.     When I use the word "negligence" in these instructions, I mean the failure to do something which a reasonably careful person would do, or the doing of something which a reasonably careful person would not, under circumstances similar to those shown by the evidence.  The law does not say how a reasonably careful person would act under those circumstances.  That is for you to decide.

18.     When I use the words "ordinary care," I mean the care a reasonably careful person would use under circumstances similar to those shown by the evidence.  The law does not say how a reasonably careful person would act under those circumstances.  That is for you to decide.

19.     When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced the plaintiff's injury.  It need not

be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in the injury.

20.     When I use the expression "loss of normal life," I mean the temporary or permanent diminished ability to enjoy life. This includes a person's inability to pursue the pleasurable aspects of life.

21.     It was the duty of Defendant LOWE'S HOME CENTER, LLC, before and at the time of the occurrence, to use ordinary care for the safety of Plaintiff KRISHNA NARSIMHAN. That means it was the duty of Defendant to be free from negligence.

22.     Plaintiff claims that he was injured and sustained damage, and that Defendant was negligent in one or more of the following respects: (a) carelessly placed an item in Plaintiff's shopping cart; (b) failed to warn Plaintiff of the danger of the item striking him while placing the item in Plaintiff's shopping cart; and/or (c) failed to train its employees on the proper handling of customer merchandise. Plaintiff further claims that one or more of the foregoing was a proximate cause of his injuries. Defendant denies that it was negligent in doing any of the things claimed by Plaintiff and denies that any claimed act or omission on the part of Defendant was a proximate cause of Plaintiff's claimed injuries. Defendant further denies that Plaintiff was injured or sustained damages to the extent claimed.

23.     Plaintiff has the burden of proving each of the following propositions: (a) that Defendant acted or failed to act in one of the ways claimed by Plaintiff and

that in so acting, or failing to act, Defendant was negligent; (b) that Plaintiff was injured; (c) that Defendant's negligence was a proximate cause of Plaintiff's injury. If you find from your consideration of all the evidence that each of these propositions has been proved, then your question on liability must be in favor of Plaintiff. But if you find from your consideration of all the evidence that any of these propositions has not been proved, then your question on liability must be in favor of Defendant.

**Damages**

24. If you decide in favor of Defendant on the question of liability, then you must not consider the question of damages.

25. But if you decide in favor of Plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damages proved by the evidence to have resulted from Defendant's negligence, taking into consideration the nature, extent and duration of the injury.

- The loss of a normal life experienced;

- The loss of a normal life reasonably certain to be experienced in the future as a result of the injuries;

- The physical pain and suffering experienced;

- The physical pain and suffering reasonably certain to be experienced in the future as a result of the injuries;

- The emotional distress experienced;

- The emotional distress reasonably certain to be experienced in the future as a result of the injuries; and

- The present cash value of the reasonable expenses of medical care, treatment and services reasonably certain to be received in the future.

Whether any of these elements of damages has been proved by the evidence is for you to decide.

26.    If you find that Plaintiff is entitled to damages arising in the future because of injuries, you must determine the amount of these damages which will arise in the future.  If you find that these damages are of a continuing nature, you may consider how long they will continue.  If you find that these damages are permanent in nature, then in computing these damages you may consider how long Plaintiff is likely to live.

27.    In computing the damages arising in the future because of future medical expenses you must determine their present cash value.  "Present cash value" means the sum of money needed now, which, when added to what that sum may reasonably be expected to earn in the future, will equal the amount of expenses at the time in the future when the expenses must be paid.  Damages for pain and suffering, as well as loss of a normal life, are not reduced to present cash value.

28.    According to a table of mortality in evidence, the life expectancy of a person aged 56 years is 25 years.  This figure is not conclusive.  It is the average life

expectancy of persons who have reached the age of 56. It may be considered by you in connection with other evidence relating to the probable life expectancy of Plaintiff, including evidence of his occupation, health, habits, and other activities, bearing in mind that some persons live longer and some persons less than the average.

**Jury Deliberation**

29. Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court if the jury must communicate with me. A verdict form has been prepared for you. Take the verdict form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will complete and all of you will sign the verdict form.

30. I do not anticipate that you will need to communicate with me. If you do, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he/she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will then give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally. If you do communicate with me, one thing you should not indicate in your note is what your numerical division is, if any.