16651/SAB/PJB                                                                                   Attorney ID# 6224469

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS -
# EASTERN DIVISION

| | | |
|---|---|---|
| KRISHNA NARSIMHAN | ) | |
| Plaintiff, | ) | Case No.: 1:19-cv-01255 |
| vs. | ) | |
| | ) | |
| LOWE'S HOME CENTERS, LLC, | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S BILL OF COSTS

On April 29, 2022, after a one week trial, the jury returned a verdict in favor of Plaintiff and against Defendant and the Court entered judgment on the verdict. *See* D.E. 257. At that time, the Court granted Plaintiff leave to file a Bill of Costs on or before May 27, 2022. Plaintiff, accordingly, submits his bill of costs and this associated memorandum in support.

After judgment upon a jury's verdict, "costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54 creates a strong presumption that the prevailing party may recover reasonable and necessary litigation costs from the losing party. *Deimer v. Cincinnati v. Sub–Zero Prods.,* 58 F.3d 341, 345 (7th Cir. 1995). Specifically, allowable costs that the prevailing party may recover are:

(1) fees of the clerk and marshal;

(2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) fees and disbursement for printing and witnesses;

(4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) docket fees; and

(6) compensation of court appointed experts and interpreters.

28 U.S.C. § 1920.

The prevailing party must carry the burden of showing the requested costs were necessary and reasonable. *Trs. of the Chi. Plastering Inst. Pension Trust v. Cork Plastering Co.,* 570 F.3d 890, 906 (7th Cir.2009). If that burden is satisfied, then the losing party must show that the costs are not appropriate. *Beamon v. Marshall & Isley Trust Co.,* 411 F.3d 854, 864 (7th Cir. 2005). The categories and explanation of the requested taxable costs are as follows:

I.  Fees for Filing for Service of Summons and Subpoenas

   C.  Fees for Service of Subpoenas

"[T]o award costs for service of subpoenas, the court need only determine whether the subpoenas were reasonable and necessary when served in light of the facts known at the time of service." *Movitz v. First Nat'l Bank of Chi.*, 982 F. Supp. 571, 574 (N.D. Ill. 1997). The following chart identifies the costs incurred by plaintiff in serving subpoenas that were both reasonable and necessary.

| Description | Amount |
|---|---|
| Costs of service of subpoena on Jody Rankin. *See* Ex. 1. | $25.00 |
|  |  |
| Total: | $25.00 |

The subpoena of Jody Rankin was reasonable and necessary. Mr. Rankin was the store manager at the time of Plaintiff's accident, but was no longer employed at the time of his deposition. His deposition was necessary to be used in the case as his testimony was used to prove negligence and the lack of contributory negligence.

II.  Fees for printed or electronically records transcripts necessarily obtained for use in the case

2

Deposition and transcription costs are authorized under § 1920(2). *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 454 (7th Cir. 1998). The cost of a transcript may be taxed, but the cost "shall not exceed the regular copy rate as established by the Judicial Conference of the United States." N.D. Local Rule 54.1(b). The rates of transcription costs are available here: http://www.uscourts.gov/services-forms/federal-court-reporting-program.

Under these guidelines, normal transcript delivery, i.e., within 30 days, is $3.65 per page. Additionally, for 14-day, 7-day, daily, or hourly transcripts, the maximum allowable charges are $4.25, $4.85, $6.05, and $7.25 respectively. *See Allen v. City of Chicago*, No. 10 C 3183, 2016 WL 1070828, at *4 (N.D. Ill. Mar. 16, 2016). "[T]he district court may allow costs for expedited transcripts if the [party] can show that it 'was reasonable and necessary to order transcripts on an expedited basis.'" *Id.* at *5; quoting *Se-Kure Controls, Inc. v. Vanguard Prods. Group,* 873F. Supp. 2d 939 (N.D. Ill. 2012).

Additionally, court reporter appearance fees may be awarded, "but the fees shall not exceed the published rates on the Court website." *Id.* "The court reporter attendance fee equaled $110 for one half-day (4 hours or less), and $220 for a full day." *Armstrong v. BNSF Ry. Co.*, No. 12-CV-7962, 2016 WL 7240751, at *4 (N.D. Ill. Dec. 15, 2016).

The cost of video recorded depositions may also be taxed, provided it is reasonable and necessary. *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008). "[T]ranscripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough if they are 'reasonably necessary.'" *Shanklin Corp. v. Am. Packaging Mach., Inc.*, No. 95 C 1617, 2006 U.S. Dist. LEXIS 53770, 2006 WL 2054382, at *2 (N.D. Ill. July 18, 2006).

    A.    **Deposition Transcripts**

There were many depositions taken in this case that involved liability that was denied by Defendant and Defendant's assertion of contributory negligence, as well as contested damages including the diagnosis of the injury and its causation, the nature and extent of the injury, and the severity of the pain and loss of a normal life claimed. These depositions were necessarily obtained for use in the case to establish the basis for the proof of Defendant's liability and Plaintiff's freedom from contributory negligence (a claim that Defendant did not withdraw until the proofs were submitted at trial) and to establish the Plaintiff's injury and causation of the injury to the incident at issue in the lawsuit. Further, *de bene esse* depositions were taken of certain key treating medical professionals to expeditiously and efficiently provide such testimony and proof to the jury during the week that was granted for the trial of this case. Without having these five video depositions to play to the jury, one after another, the case may have taken more than the one week allotted. Such *de bene esse* depositions were taken by agreement of the parties and allowed by the Court. A summary of expenses associated with each deposition is listed in the following chart. The total taxable amount is $14,831.91. A description and explanation of each taxable charge is discussed after the chart.

| Description | Amount |
|---|---|
| Depo. of Asokumar Buvanendran. Ex. 2 | $336.00 |
| Depo. of Asokumar Buvanendran *(de bene esse)*. *See* Ex. 3 | $1,265.73 |
| Depo. of Brian Fischer. *See* Ex. 4 | $266.35 |
| Depo. of Brian Fischer *(de bene esse)*. *See* Ex. 5 | $1,121.73 |
| Depo. of Scott Hallums, M.D. *See* Ex. 6 | $392.35 |
| Depo. of Jay Joshi, MD. *See* Ex. 7 | $1,117.30 |
| Depo. of Marcella Martinez. *See* Ex. 8 | $375.00 |
| Depo. of Sunil Matiwala. *See* Ex. 9 | $264.92 |
| Depo. of Sunil Matiwala *(de bene esse)*. *See* Ex. 10 | $4,919.60 |
| Depo. of Kerri Narsimhan. *See* Ex. 11 | $229.50 |
| Depo. of Krishna Narsimhan. *See* Ex. 12 | $474.50 |
| Depo. of Eileen Parks, *See* Ex. 8 | $81.00 |
| Depo of Dr. Joshua Prager *See* Ex. 13 | $913.20 |

| | |
|---|---|
| Depo. of Jody Rankin. *See* Ex. 14 | $204.00 |
| Depo. of Dr. Yumna Saeed. *See* Ex. 15 | $371.00 |
| Depo. of Dr. Yumna Saeed (*de bene esse*). *See* Ex. 16 | $866.50 |
| Depo. of Lisa Schwarz *See* Ex. 17 | $268.00 |
| Depo. of Lisa Schwarz (*de bene esse*) *See* Ex. 18 | $1,365.23 |
| | |
| **Total:** | **$14,831.91** |

The deposition of **Dr. Asokumar Buvanendran** was reasonable and necessarily obtained for use in the case. Dr. Buvanendran was one of Plaintiff's key treating witness as he was the treating pain management specialist. The deposition was noticed by Defendant, so Plaintiff necessarily had to appear and defend Plaintiff's rights during the deposition, as well as review the transcript for accuracy and to provide a copy to Plaintiff's medical expert. The deposition transcript was 70 pages at a cost of $245.00 which is less than the regular copy rate as established by the Judicial Conference of the United States of $3.65 per page. Additionally, there were processing and handling fees totaling $91.00. The total cost for this deposition transcript was $336.00.

The *de bene esse* deposition of **Dr. Asokumar Buvanendran** was reasonable and necessarily obtained for use in the case, as Dr. Buvanendran was unavailable for trial and the video deposition was used at trial as it was played as the witness' trial testimony. The *de bene esse* deposition was reasonable and necessary for Plaintiff to prove the damages claimed in his case. It had to be ordered expedited for evidentiary rulings that were presented to the Court. The deposition transcript was 132 pages at a cost of $587.40 which is less than the regular copy rate as established by the Judicial Conference of the United States of $6.05 per page. Additionally, there was an appearance fee of $45.00 and processing and handling fee of $50.00 and it was videotaped for a cost at $250.00. The video editing charges totaled $333.33 as the video had to be edited due to the rulings of the Court. The total cost for this deposition was $1,265.73.

The deposition of **Brian Fischer** was reasonable and necessarily obtained for use in the case. Mr. Fischer was one of Plaintiff's key damages witnesses as he treated Plaintiff for the diagnosis (disputed by Defendant) of CRPS. The deposition was noticed by Defendant, so Plaintiff had to appear and defend Plaintiff's rights during the deposition, as well as review the transcript for accuracy and to provide a copy to Plaintiff's medical expert. The deposition transcript was 59 pages, at a rate that exceeds the regular copy rate as established by the Judicial Conference of the United States, and therefore, the rate is limited to $3.65 per page, totaling $215.35 for the transcript. Additionally, there was a processing and handling fee of $51.00. The total cost for this deposition was $266.35.

The *de bene esse* deposition of **Brian Fischer** was reasonable and necessarily obtained for use in the case, as Dr. Buvanendran was unavailable for trial and the video deposition used at trial as it was played as his trial testimony. The *de bene esse* deposition was reasonable and necessary for Plaintiff to prove the damages in his case that were disputed by Defendant. It had to be ordered expedited for evidentiary rulings that were presented to the Court. The deposition transcript was 126 pages at a cost of $428.40 which is less than the regular copy rate as established by the Judicial Conference of the United States of $4.85 per page. Additionally, there was an appearance fee of $60.00 and it was videotaped for $300.00. The video editing charges totaled $333.33 as the video had to be edited due to the rulings of the Court. The total cost for this deposition was $1,121.73.

The deposition of **Dr. Scott Hallums** was reasonable and necessarily obtained for use in the case. Dr. Hallums was Plaintiff's rebuttal witness to the testimony of Dr. Prager. The deposition was noticed by Defendant, so Plaintiff had to appear and defend Plaintiff's interest at the deposition, as well as review the transcript for accuracy. The deposition transcript was 80

pages at a cost of $204.00 which is less than the regular copy rate as established by the Judicial Conference of the United States of $3.65 per page. Additionally, there were processing and handling fees totaling $188.35. The total cost for this deposition was $392.35

The deposition of **Dr. Jay Joshi** was reasonable and necessarily obtained for use in the case. Dr. Joshi was deposed twice, once in a discovery manner and a second time as a rebuttal witness to Defendant's expert, Dr. Prager's supplemental testimony. Dr. Joshi ultimately testified at trial, therefore his deposition transcripts were necessary to prepare for his testimony. In total, the two depositions comprised 324 pages at a cost of $964.60 is less than the regular copy rate as established by the Judicial Conference of the United States of $3.65 per page. Additionally, there were processing and handling fees totaling $152.70. The total cost for this deposition was $1,117.30

The deposition of **Marcella Martinez** was reasonable and necessarily obtained for use in the case. Ms. Martinez was Defendant's cashier on the day of the accident and was a key witness to the incident. Ms. Martinez testified live at trial. Her deposition transcript was used by Plaintiff to prepare for her testimony in court and to establish Defendant's liability and Plaintiff's freedom from contributory negligence. The deposition transcript was 100 pages at a cost of $300.00 which is less than the regular copy rate as established by the Judicial Conference of the United States of $3.65 per page. Additionally, there was an appearance fee of $75.00. The total cost for this deposition was $375.00.

The deposition of **Dr. Sunil Matiwala** was reasonable and necessarily obtained for use in the case. Dr. Matiwala was one of Plaintiff's treating doctors. The deposition was noticed by Defendant, so Plaintiff had to appear and defend Plaintiff's interests at the deposition, as well as review the transcript for accuracy and to provide a copy to Plaintiff's medical expert. The

7

deposition transcript was 60 pages at a cost of $210.00 which is less than the regular copy rate as established by the Judicial Conference of the United States of $3.65 per page. Additionally, there were processing and handling fees totaling $51.00. The total cost for this deposition was $264.92.

The *de bene esse* deposition of **Dr. Sunil Matiwala** was reasonable and necessarily obtained for use in the case, as Dr. Matiwala was unavailable for trial and the video deposition was played as trial testimony. He was disclosed as a witness by Defendant, who noticed his deposition, which required Plaintiff to attend and cross-examine Dr. Matiwala. The *de bene esse* deposition was reasonable and necessary for Plaintiff to prove the damages in his case and to refute Defendant's argument relating to causation of the injury. It had to be ordered expedited for evidentiary rulings that were presented to the Court. The deposition transcript was 134 pages at a cost of $891.10 which is less than the regular copy rate as established by the Judicial Conference of the United States of $6.05 per page. Additionally, there was processing and handling fees of $118.0. The video editing charges totaled $3,910.50 as the video had to be edited due to the rulings of the Court. The total cost for this deposition was $4,919.60.

The deposition of **Kerri Narsimhan** was reasonable and necessarily obtained for use in the case. Mrs. Narsimhan is the Plaintiff's wife and she testified about his physical and emotional damages. Mrs. Narsimhan ultimately testified at trial and her deposition transcript was necessary to prepare for her trial testimony and to provide a copy to Plaintiff's medical expert. The deposition transcript was 51 pages at a cost of $178.50 which is less than the regular copy rate as established by the Judicial Conference of the United States of $3.65 per page. Additionally, there were processing and handling fees totaling $51.00. The total cost for this deposition was $229.50.

The deposition of **Krishna Narsimhan** was reasonable and necessarily obtained for use in the case. Mr. Narsimhan is the Plaintiff. He testified live at trial. His deposition was noticed by Defendant and Plaintiff's counsel was required to appear and defend the Plaintiff during the deposition, including reviewing the transcript for accuracy and to provide a copy to Plaintiff's medical expert. His testimony was relied on by every expert in the case who testified at trial. The deposition transcript was 121 pages at a cost of $423.50 which is less than the regular copy rate as established by the Judicial Conference of the United States of $3.65 per page. The total cost for this deposition was $474.50.

The deposition of **Eileen Parks** was reasonable and necessarily obtained for use in the case. Her deposition was necessary as she was Defendant's employee who established certain foundational elements for the video of the incident and the incident reports that were ultimately used at trial. She was withdrawn as a trial witness as she would have been duplicative and the foundation for the video of the incident was stipulated to at trial. The deposition transcript was 27 pages, at a cost of $81.00 which is less than the regular copy rate as established by the Judicial Conference of the United States of $3.65 per page. The total cost for this deposition was $81.00.

The deposition of **Dr. Joshua Prager** was reasonable and necessarily obtained for use in the case. Dr. Prager was a doctor who was hired as an adversarial doctor by Defendant, Lowe's. He was disclosed as an expert witness by Defendant to refute the diagnosis and causation of Plaintiff's injury. His deposition was necessary to test the basis of his opinions during Plaintiff's cross-examination of Dr. Prager. The doctor was deposed twice. The second deposition was based upon the Court's Order of 9/2/21 (Docket number 103 and 104) and the Court ordered Defendant to pay for the cost of the court reporter's appearance fee for that deposition (Docket No. 104 page 8). These depositions and transcripts were necessary to be used int the case to

prepare for the cross-examination of Dr. Prager at trial and to be prepared to impeach Dr. Prager. In total, the two depositions comprised 249 pages of transcript at a cost of $747.00 which is less than the regular copy rate as established by the Judicial Conference of the United States of $3.65 per page. Additionally, there was an appearance charge of $135.00 which is less than the standard $220.00 as established by the Judicial Conference of the United States for the six hours the depositions lasted. Additionally, there was a processing and delivery fee of $31.20. The total cost for these depositions was $913.20.

The deposition of **Jody Rankin** was reasonable and necessarily obtained for use in the case. Mr. Rankin was Defendant's store manager on the day of the accident. His testimony on the training of store employees relating to safety, store practices, and customary use of the carts at issue was used in Plaintiff's case in chief to prove Defendant's negligence and Plaintiff's freedom from contributory negligence that was being claimed by Defendant. Mr. Rankin ultimately testified live at trial and the transcript was necessary to prepare for that testimony. The deposition transcript was 58 pages at a cost of $174.00 which is less than the regular copy rate as established by the Judicial Conference of the United States of $3.65 per page. Additionally, there was an appearance fee of $30.00. The total cost for this deposition was $204.00.

The deposition of **Dr. Yumna Saeed, M.D.** was reasonable and necessarily obtained for use in the case. Dr. Saeed was one of Plaintiff's key witness as she was the Plaintiff's treating neurologist. The deposition was noticed by Defendant, so Plaintiff had to appear and defend Plaintiff's interests at the deposition, as well as review the transcript for accuracy and to provide a copy to Plaintiff's medical expert. The deposition transcript was 80 pages at a cost of $280.00 which is less than the regular copy rate as established by the Judicial Conference of the United

States of $3.65 per page. Additionally, there were processing and handling fees totaling $91.00. The total cost for this deposition was $371.00.

The *de bene esse* deposition of **Dr. Yumna Saeed, M.D.** was reasonable and necessarily obtained for use in the case, as Dr. Saeed was unavailable for trial and the video deposition was played as trial testimony. The *de bene esse* deposition was reasonable and necessary for Plaintiff to prove the damages in his case as she was one of the doctors that made the diagnosis of CRPS and gave an opinion that is was causally related. It had to be ordered expedited for evidentiary rulings that were presented to the Court. The deposition transcript was 90 pages at a cost of $270.00 which is less than the regular copy rate as established by the Judicial Conference of the United States of $4.85 per page. Additionally, there was an appearance fee of $30.00 and it was videotaped for a cost at $200.00. The video editing charges totaled $200.00 as the video had to be edited due to the rulings of the Court. The total cost for this deposition was $866.50.

The deposition of **Lisa Schwarz** was reasonable and necessarily obtained for use in the case. Ms. Schwarz was one of professionals who treated Plaintiff for the diagnosis of CRPS. The deposition was noticed by Defendant, so Plaintiff had to appear and defend Plaintiff's interests, as well as review the transcript for accuracy and to provide a copy to Plaintiff's medical expert. The deposition transcript was 62 pages at a cost of $217.00 which is less than the regular copy rate as established by the Judicial Conference of the United States of $3.65 per page. Additionally, there were processing and handling fees totaling $51.00. The total cost for this deposition was $268.00.

The *de bene esse* deposition of **Lisa Schwarz** was reasonable and necessarily obtained for use in the case, as Ms. Schwarz was unavailable for trial and the video deposition was played as trial testimony. The *de bene esse* deposition was reasonable and necessary for Plaintiff to

11

prove the damages in his case as she provided key testimony that corroborated the diagnosis of CRPS that was being claimed by Plaintiff was caused by the incident at issue. It had to be ordered expedited for evidentiary rulings that were presented to the Court. The deposition transcript was 162 pages at a cost of $599.40 which is less than the regular copy rate as established by the Judicial Conference of the United States of $4.85 per page. Additionally, there was an appearance fee of $82.50 and it was videotaped for a cost at $350.00. The video editing charges totaled $333.33 as the video had to be edited due to the rulings of the Court. The total cost for this deposition was $1,365.23.

    B.    **Hearing Transcripts**

During this litigation, Plaintiff paid for and obtained a transcript of proceedings from April 20, 2022. This transcript was for the Pretrial Conference. It was necessary as the Defendant made certain representations on the record that: Defendant would not cross-examine Plaintiff and would not argue at trial that Plaintiff has not received the recommended surgery because he doesn't have the pain that he claims he does.

| Description | Amount |
|---|---|
| Transcript of Pretrial Conference (4.20.22) *See* Ex. 19 | $288.85 |
| | |
| Total: | $288.85 |

**III.   Fees and disbursements for printing**

A prevailing party may recover costs for copies that were "necessary for use in the case." 28 U.S.C. § 1920(4). This includes "costs for copies related to discovery and copies of pleadings, motions, and memoranda submitted to the court, but it does not include copies made solely for the convenience of counsel." *Se-Kure,* 873 F. Supp. 2d at 947. While the prevailing party must "provide the best breakdown [of copying costs] obtainable from retained records," it

12

is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs," *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 644 (7th Cir. 1991).

The trial costs associated with printing at the Anesi Ozmon law firm were $561.40. Anesi Ozmon was the law firm handling this case for the plaintiff during the discovery and trial phases of the case and therefore was necessarily involved in the written discovery, oral discovery, expert witness workup, and trial. This printing includes pleadings, medical records, documents, exhibits, transcripts, and demonstratives to be used in the case to prepare for depositions and testimony, motions, court appearances, discovery, etc., prior to and during trial. The basis of this is explained in the accompanying declaration of Nora Palmer, Legal Assistant at Anesi Ozmon. The printing costs for this case total $561.40. *See* Ex. 20 and 20.A

## IV. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case

28 U.S.C. § 1920(4) permits recovery for fees "for exemplification." Although the statute does not define the term, the Seventh Circuit has embraced an "expansive definition." *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000). The term is ordinarily construed as permitting an award "of the reasonable expense of preparing maps, charts, graphs, photographs, motion pictures, photostats, and kindred materials" when necessarily obtained for use in the case. *Id.* (quoting *Equal Employment Opportunity Comm'n v. Kenosha Unified Sch. Dist. No. 1*, 620 F.2d 1220, 1227 (7th Cir. 1980)). Indeed, any "means of presentation" is potentially compensable so long as it "furthers the illustrative purpose of an exhibit" and is "necessarily obtained for use in the case." *Id.* at 428.

Plaintiff created several important demonstrative exhibits to be used in the case and to aid the jury in understanding the testimony, injury, and facts of the case. These included:

| Demonstrative Aid | Cost |
|---|---|
| Demonstrative Exhibit of Potential Dorsal Root Ganglion | $1,500.00 |
| Demonstrative Exhibit of Functioning of Dorsal Root Ganglion | $1,450.00 |
| Demonstrative Exhibit of Lumbar injections for pain management | $500.00 |
| Prints 8.5 x11 colour prints of Exhibits for video evidence deposition | $8.00 |
| Courier | $10.00 |
| Total: | $3,468.00 |

The total cost for these demonstrative exhibits was $3,468.00, this includes a $10.00 courier fee from the vendor to deliver the prints to Plaintiff's office ahead of a necessary video evidence deposition. *See* Ex. 21. These demonstratives were necessary to help the jury to understand the testimony of the witnesses.

## **CONCLUSION**

For the forgoing reasons, Plaintiffs respectfully request that the Court tax a total of $19,175.16 in costs against the Defendant and include such sums as part of the judgment.

Respectfully submitted,

By: */s/ Steven A. Berman*
One of plaintiff's attorneys

*Attorneys for Plaintiff*
Steven A. Berman
Patrick J. Blum
**ANESI OZMON RODIN NOVAK & KOHEN, LTD.**
161 N. Clark St., Suite 2100
Chicago, Illinois 60601
(312) 372-3822
(312) 372-3833 (fax)